UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TAMISHA VASQUEZ,                                    Case No.

                        Plaintiff,

            -vs.-                                   **COMPLAINT**

AAM HOLDING CORP. d/b/a
PRIVATE EYES GENTLEMEN'S CLUB,
JAY-JAY CABARET, INC. d/b/a
FLASHDANCERS GENTLEMEN'S CLUB,
BAL RESTAURANT, LLC. d/b/a MR. ROBATA,
BARRY LIPSITZ, and BARRY LIPSITZ, JR.


                        Defendants.
-----------------------------------------------------------X

Plaintiff TAMISHA VASQUEZ, by and through her attorneys, the LAW OFFICES

OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:


### *THE PARTIES*


1.      The plaintiff TAMISHA VASQUEZ (hereinafter "Ms. Vasquez" or

"Plaintiff") is an individual currently residing in the State of New York, County of the

Bronx.


2.      Defendant AAM HOLDING CORP. d/b/a PRIVATE EYES GENTLEMEN'S

CLUB ("Private Eyes") is a domestic business corporation organized under the laws of the

State of New York, with a principal place of business located at 320 W. 45th Street, New

York, New York, 10036.

3.      Defendant JAY-JAY CABARET, INC. d/b/a FLASHDANCERS GENTLEMEN'S CLUB ("Flash Dancers") is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 1675 Broadway, New York, New York, 10019.

4.      Defendant BAL RESTAURANT, LLC. d/b/a MR. ROBATA ("Mr. Robata") is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 1675 Broadway, New York, New York, 10019.

5.      Mr. Robata is located inside of Flash Dancers.

6.      Defendant BARRY LIPSITZ (hereinafter "Barry") is an individual whose principal place of business is located at 1675 Broadway, New York, New York, 10019.

7.      Upon information and belief, at all times herein pertinent, Defendant Barry served as a principal, officer and/or manager of the defendants Private Eyes, Flash Dancers, and Mr. Robata.

8.      Defendant BARRY LIPSITZ JR. (hereinafter "Junior") is an individual whose principal place of business is located at 1675 Broadway, New York, New York, 10019.

9.      Upon information and belief, at all times herein pertinent, Defendant Junior served as a principal, officer and/or manager of the defendants Private Eyes, Flash Dancers, and Mr. Robata.

10.     Defendants Private Eyes, Flash Dancers, and Mr. Robata, are commonly owned and operated by Defendants Barry and Junior.

11.     Defendants Private Eyes, Flash Dancers, and Mr. Robata share a common business purpose of providing adult entertainment to patrons in New York City.

12.     The websites for Private Eyes and Flash Dancers have the same layout.

13.     Private Eyes and Flash Dancers cross promote one another's events and locations.  For instance, on each of their websites is a "Locations" tab.  Clicking on this tab on either website will bring up the location for Private Eyes and Flash Dancers.

14.     The gross receipts of Private Eyes for each of the calendar years 2014 through 2016, inclusive, were not less than $500,000.

15.     The gross receipts of Flash Dancers for each of the calendar years 2014 through 2016, inclusive, were not less than $500,000.

16.     The gross receipts of Mr. Robata for each of the calendar years 2014 through 2016, inclusive, were not less than $500,000.

17.     Defendants Private Eyes, Flash Dancers and Mr. Robata, are a single integrated enterprise which are engaged in related business activities, share common ownership and have a common business purpose.

3

## *JURISDICTION AND VENUE*

18.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims and substantive contract law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the New York Labor Law, 12 NYCRR §§ 137 *et seq.*, 12 NYCRR §§ 146, *et seq.* and other appropriate rules, regulations, statutes, and ordinances.

19.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one defendant resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

20.     At all times herein pertinent, the defendants was engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

21.     At all times herein pertinent, and in the course of her duties, Ms. Vasquez regularly wore clothing which had been moved in commerce as part of the terms and conditions of her employment.

22.     At all times herein pertinent, Defendants operated as an adult club.

23.     Ms. Vasquez was employed by the Defendants from on or about the calendar year 2007 until or about December 3, 2015.

24.     Upon information and belief, Ms. Vasquez' claim begins on April 2, 2014 and continues through December 3, 2015.

25.     Ms. Vasquez was hired by the Defendants as an adult entertainer and dancer.

26.     Defendants Barry and Junior each had the power to hire and fire Plaintiff.

27.     To the best of the Ms. Vasquez' recollection, throughout her employment Plaintiff worked three days a week from 1:30PM until 8:00PM.

28.     Defendants never paid Ms. Vasquez any wages whatsoever for the time that she was suffered or permitted to work.

29.     While working for the Defendants, Plaintiff never received a meal break.  Any meal she ate while working was in furtherance of her employment as she meeting, eating with and entertaining customers.

30.     The Defendants did not create or maintain records showing the precise number of hours Ms. Vasquez worked, of wages or tips she earned.

31.     Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked, of wages or tips earned but upon information and belief, have not maintained them as required by law.

32.     Defendants extracted unlawful deductions from tips which were given to Ms. Vasquez by customers.

33.     Defendants required Plaintiff to share her tips, directly or indirectly, with management.  Specifically, the required DJ fee was $15 per night and her "House Mom" $10.00 per night.  A portion of this fee was given to management.

34.     Plaintiff was also required to pay a "House Fee" to the management of the club.  The amount of the House fee was $60.00 per night.

35.     Defendants encouraged customers to tip entertainers using "funny money", which customers purchased from the club, instead of cash.  The Defendants charged customers who purchased funny money a service charge of not less than a 15%.

36.     This 15% service charge was not distributed to entertainers or other workers who provide customer service; it is retained by the Defendants

37.     As a result, customers who believed they were tipping Ms. Vasquez a certain amount were actually tipping them less.

38.     When an entertainer received a tip from a customer in funny money, the Defendants deducted and retained not less than 20% of the tip when the entertainer exchanged the funny money for cash from management.

39.     As a result of the Defendants' actions in regards to the funny, Plaintiff's tips were reduced by almost 30% per night before she had to pay the DJ fee and House Fee.

40.     Defendants supervised and controlled Plaintiff's schedules and conditions of work.

41.     Defendants implemented rules that governed plaintiff's working conditions.

42.     Upon information and belief, defendants required Ms. Vasquez to:

    a.   check in with the House Mom, who, made a computer entry of her arrival time every day she came into work;

    b.   work on certain days and times during the week;

    c.   make up missed shifts within a certain time period;

    d.   sign a sign-in sheet which contained her time of arrival, her name and her stage name every day she came into work;

    e.   wear full-length gowns on certain days;

    f.   wear certain colors on certain days and/or occasions;

    g.   purchase clothing from the House Mom;

    h.   remain dressed in their uniforms until the end of their shift;

    i.   pay a fine of $25.00 to the Defendants if she was a half hour late for her shift;

    j.   pay a fine of $100.00 to the Defendants and was not permitted to work that day if she was an hour or more late for her shift;

43.     Defendants prohibited Plaintiff from:

a.  Leaving the club without first paying the DJ Fee, paying the House Mom and paying the House Fee at the end of her shift. This was enforced by the bouncers who would not allow the employees to leave without presenting proof of payment of these feesp;

b.  changing into street clothes before the end of her shift;

c.  wearing heels that were less than 3";

d.  tying or braiding her hair in any way

e.  chewing gum at work;

f.  carrying drinks while walking through the club;

g.  leaving the stage before the next entertainer arrived or without permission of the DJ;

h.  discussing the terms of her compensation, or the rates at which the funny money was exchanged, with customers; and

i.  discussing the club's operating procedures with customers.

44.     At all times herein pertinent, Plaintiff performed her duties for the corporate Defendants under the control of Defendants Barry and Junior.

45.     Upon information and belief, and at all times herein pertinent, Defendants Barry and Junior exercised close control over the managerial operations of Private Eyes, Flash Dancers and Mr. Robata, including the policies and practices concerning employees, some of which are described in the preceding paragraphs of this Complaint.

46.     At all times pertinent, Defendants Barry and Junior controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of the Penthouse Club in general, and with respect to Plaintiff in particular.

47.     At all times pertinent, Defendants Barry and Junior acted as Plaintiff's employers within the meaning of the FLSA and the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

48.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

49.     Defendants failed to pay Plaintiff the minimum wage to which she was entitled insofar as she was paid no wages at all at any time.

50.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

51.     Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the minimum wages to which she was entitled.

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### **(MINIMUM WAGE)**


52.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.


53.    Defendant failed to pay Plaintiff the minimum wage to which she was entitled under the NYLL.


54.    Defendants willfully violated the NYLL Article 19, §§650 *et seq*., and supporting New York State Department of Labor Regulations.


55.    Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.1 by failing to pay Plaintiff her required minimum wages.


### *AS AND FOR A THIRD CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### **(WAGE DEDUCTION AND TIP MISAPPROPRIATION)**


56.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

57.     At all times relevant, Plaintiff was an employee within the meaning of Article 6 NYLL §§190, *et seq.*, and supporting New York State Department of Labor Regulations.

58.     At all times relevant, Defendants were employers within the meaning of Article 6 NYLL §§190, *et seq.*, and supporting New York State Department of Labor Regulations.

59.     The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to the Defendants and protect the Plaintiff.

60.     By the conduct described herein, Defendants made unlawful deductions from Plaintiff's wages in violation of Article 6 NYLL §193 and supporting New York State Department of Labor Regulations.

61.     Defendants unlawfully demanded and accepted, directly or indirectly, part of the gratuities received by Plaintiff in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

62.     Defendants unlawfully retained part of the gratuities earned by Plaintiff in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

63.     Defendants failed to pay Plaintiff service charges that they led customers to believe would be paid to Plaintiff.

64.     Defendants failed to pay Plaintiff the face value of the funny money she exchanged at the end of her shift.

65.     Defendants required Plaintiff to share part of the gratuities she received with non-tipped employees, as well as with management, in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

66.     Through their knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by plaintiff, Defendants willfully violated Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR §137-2.5.

*AS AND FOR A FOURTH CAUSE OF ACTION*
*NEW YORK STATE LABOR LAW*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
*(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

67.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

68.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

69.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE WAGE STATEMENTS)

70.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

72.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

(a)     awarding back pay for minimum wage due and owing to the Plaintiff;

(b)     reimbursement of all misappropriated tips, service charges, House Fees, and other unlawful deductions;

(c)     Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiffs statutory damages and any other relief authorized under the NYLL for violations of those requirements, and awarding the statutory penalties for all such notice and recordkeeping violations;

(d)     awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(e)     awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(f)     awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
        May 6, 2016

                                        Respectfully submitted,
                                        LAW OFFICES OF WILLIAM CAFARO


                                        _____
                                        William Cafaro (WC2730)
                                        Attorneys for Plaintiff
                                        108 West 39th Street, Ste. 602
                                        New York, New York 10018
                                        (212) 583-7400


To:

AAM HOLDING CORP. d/b/a
PRIVATE EYES GENTLEMENT'S CLUB
320 W. 45th Street
New York, New York, 10036

JAY-JAY CABARET, INC. d/b/a
FLASHDANCERS GENTLEMEN'S CLUB
1675 Broadway
New York, New York, 10019

BAL RESTAURANT, LLC. d/b/a MR. ROBATA
1675 Broadway
New York, New York, 10019

BARRY LIPSITZ
1675 Broadway
New York, New York, 10019

BARRY LIPSITZ, JR.
1675 Broadway
New York, New York, 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TAMISHA VASQUEZ,                                                     Case No.

                     Plaintiff,

        -vs.-

AAM HOLDING CORP. d/b/a
PRIVATE EYES GENTLEMENT'S CLUB,
JAY-JAY CABARET, INC. d/b/a
FLASHDANCERS GENTLEMEN'S CLUB,
BAL RESTAURANT, LLC. d/b/a MR. ROBATA,
BARRY LIPSITZ, and BARRY LIPSITZ, JR.


                    Defendants.
------------------------------------------------------------X

---

## COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Ste. 602
New York, New York 10018
(212) 583-7400